**S. Ross Parker, Defendant in Error, v. John M. Gartside and Charles Hudson, Plaintiffs in Error.**

**Gen. No. 17,291.**

1. ATTORNEY AND CLIENT—*when finding that collection business was received from plaintiff is proper.* A finding is proper that defendant lawyers received certain collection business from plaintiff, a lawyer, where, though defendants learned of the claim in question and wrote to the claimant in the first instance, plaintiff at that time had the claim for collection and defendants were given the right to proceed to make the collection by reason of plaintiff's direction and authority.

2. ATTORNEY AND CLIENT—*when evidence of general custom properly admitted.* Where it appears that defendant lawyers received certain collection business from plaintiff a lawyer, in an action for a division of the fees, testimony is properly admitted which tends to prove a general custom in such cases to allow the lawyer sending the business one-third of the fees.

3. PARTNERSHIP—*when parties cannot deny.* Where defendants to whom plaintiff sent certain collection business represented

themselves as partners and so acted, in an action for a division of the fees for the collections made, such defendants cannot claim that they were not partners and are not jointly liable.

Error to the Municipal Court of Chicago; the Hon. JOHN D. TURNBAUGH, Judge, presiding. Heard in this court at the March term, 1911. Affirmed. Opinion filed April 21, 1913.

S. E. LAMBERT, for plaintiffs in error.

S. ROSS PARKER, *pro se.*

MR. PRESIDING JUSTICE SMITH delivered the opinion of the court.

The plaintiff, here the defendant in error, brought suit against the defendants, here the plaintiffs in error, to recover on a claim for a division of attorney's fees.  On a trial before the court judgment was entered against the defendants for $47.33, of which they here complain on this writ of error.

The plaintiff, a lawyer in Seattle, claims that he had for collection from one John Hale a claim against one Boyd and by him the defendants, lawyers in Chicago, were authorized to proceed to collect same; that the defendants collected thereon $284.49 and under an agreement for a contingent fee for services therein retained $142.24, of which the plaintiff was entitled to one-third.  The defendants admit the collection of the said sum and the retention of the said fee and that the balance of the sum so collected was sent directly to said Hale.  They insist, however, that the claim was not received through the plaintiff, but from Hale, and that the plaintiff is only entitled to compensation for certain services rendered therein and offered him ten dollars therefor, but the plaintiff declining to accept a sum less than twenty-five dollars, the parties indulge in a law suit.

The defendants urge that the court erred in admitting testimony tending to prove that where a lawyer sends a claim to another lawyer for collection, a

general custom prevails of a division of the fees of one-third to the lawyer sending the business and two-thirds to the lawyer receiving same. Whether this evidence was admissible depends upon the determination of the next question, that is, did the defendants receive the said business from the plaintiff? While it is true that the defendants learned of Hale's claim and wrote to him in the first instance, yet it also appears that at that time the plaintiff had this claim from Hale for collection, and it was by reason of the plaintiff's direction and authority that the defendants were given the right to proceed to make the collection. Under such circumstances we think the court might properly find that the business was received by the defendants from the plaintiff. It follows that the evidence complained of was admissible.

The defendants represented themselves as partners and so acted in their dealings with the plaintiff in the transaction in question, and their claim that they were not in fact partners and not jointly liable herein is untenable.

The judgment is affirmed.

*Affirmed.*